1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SRIKANTH TANGIRALA,

11              Plaintiff,                        No. CIV S-06-0384 FCD GGH PS

12         vs.

13   JOHN E. POTTER, Postmaster General,         ORDER
     U.S. Postal Service, et al.,
14
                Defendants.
15
     _____/
16

17              Presently pending before this court are motions to dismiss or strike plaintiff's

18   complaint and amended complaints, or for more definite statement, filed by the federal

19   defendants, the California Medical Board, and the California Department of Managed Medical

20   Care.  Plaintiff has not filed an opposition and the time for doing so has passed.  E. D. Cal. L. R.

21   78-230(c) (opposition shall be filed and served on the opposing party not less than fourteen days

22   preceding the hearing date).  While plaintiff's failure to oppose defendants' motions is properly

23   construed as acquiescence thereto, E. D. Cal. L. R. 78-230(c), 11-110, and 83-183, the court will

24   address the merits.  The hearing on these matters, presently scheduled for September 28, 2006, is

25   vacated and the motions submitted for decision on the papers.  E. D. Cal. L. R. 78-230(h).

26   \\\\\

BACKGROUND

On February 23, 2006, plaintiff filed his initial complaint and an application to proceed in forma pauperis. The application was denied March 10, 2006, and plaintiff paid the filing fee on March 13, 2006. The complaint alleges "discrimination and harassment due to disability" by plaintiff's employer, the U.S. Postal Service, the only defendant named therein. The complaint asserts it follows an adverse administrative decision and seeks correction of time sheets, lost wages, costs and "up to ten million" dollars compensation each from the "United States Postal Service and the programs, the agencies, the organizations who contributed to United States Postal Service to discriminate, harass and forced me directly or indirectly to go for surgery."

On May 25, 2006, plaintiff filed a document designated by the Clerk's office as an "Amended Complaint." That document seeks to "add" additional "persons and parties" to plaintiff's action, specifically "EEOC at USPS," "OFO," "OWCP," the "Medical Board of California," the "Department of Managed Health Care of California" (all identified as "those who investigated and drove conclusions with regards to" plaintiff's complaints), and physicians Gebeh, Scholey, Ylannan and Merill (designated as "some of those who treated me for my injury").

Plaintiff lodged an additional document with the court on July 10, 2006, and filed a further document on July 28, 2006, both duplicative of the information contained in plaintiff's May 25 "amended complaint" but nonetheless designated by the Clerk's office as, respectively, a "Lodged Amended Complaint" and "Second Amended Complaint."

On July 20, 2006, the California Department of Managed Health Care filed a motion to dismiss plaintiff's amended complaint or for more definite statement, as amended by motion filed July 21, 2006; on August 9, 2006, the Department moved to dismiss plaintiff's "second amended complaint" or for more definite statement. Also on July 20, 2006, the California Medical Board filed its motion to dismiss plaintiff's amended complaint or for more

1   definite statement; on August 15, 2006, the Board moved to dismiss plaintiff's "second amended

2   complaint" or for more definite statement.  On July 24, 2006, the U.S. Postal Service and other

3   federal defendants moved to dismiss plaintiff's amended complaint, and on August 14, 2006,

4   moved to strike or dismiss plaintiff's "second amended complaint."

5   <u>ANALYSIS</u>

6           Plaintiff's documents filed July 10 and July 28, 2006 provide information

7   identical to that set forth in plaintiff's May 25, 2006 "amended complaint," and are therefore

8   stricken from the record.  Fed. Rules Civ. P.  12(f) (redundant matter stricken upon court's

9   initiative).  Accordingly, the following motions are denied as moot:  The August 9, 2006 motion

10  filed by the California Department of Managed Health Care to dismiss plaintiff's "second

11  amended complaint" or for more definite statement; the August 15, 2006 motion filed by the

12  California Medical Board to dismiss plaintiff's "second amended complaint" or for more definite

13  statement; and the August 14, 2006 motion filed by the federal defendants to strike or dismiss

14  plaintiff's "second amended complaint."

15          Further, plaintiff's "amended complaint" filed May 25, 2005, does not meet the

16  requirements for designation as either an amended complaint or a supplemental complaint, even

17  upon a liberal reading routinely accorded pro se filings.  An amended complaint under Fed. R.

18  Civ. P. 15(a) must be complete in itself without reference to any prior or superseded pleading.

19  E.D. Cal. L. R. 15-220.  Plaintiff's documents make no sense unless read together.  A

20  supplemental complaint is limited to "transactions or occurrences or events which have happened

21  since the date of the pleading sought to be supplemented."  Fed. R. Civ. P.  15(d).  Plaintiff's

22  second document names additional defendants relative to the transactions set forth in her original

23  complaint; it does not reference subsequent events.

24          Additional problems are presented by the format and content of both of plaintiff's

25  filings.  While the complaint appears to assert a claim under Title VII  of the Civil Rights Act of

26  1964, 42 U.S.C. § 2000e et seq., which would confer upon this court federal subject matter

3

1   jurisdiction, it fails adequately to demonstrate such jurisdiction or exhaustion of administrative

2   remedies or to put defendants on notice of the claims against them.  See Fed. R. Civ. P. 8(a);

3   Conley v. Gibson, 355 U.S. 41, 47-48, 78 S. Ct. 99, 103 (1957); 5 C. Wright & A. Miller,

4   Federal Practice and Procedure § 1202 (2d ed. 1990); McKeever v. Block, 932 F.2d 795, 798

5   (9th Cir. 1991).

6            Accordingly, both the "complaint" filed February 23, 2006, and "amended

7   complaint" filed May 25, 2006, must be dismissed.  Fed. R. Civ. P.  12(b)(6) (failure to state a

8   claim upon which relief can be granted).  The court hereby accords plaintiff twenty days from the

9   date of service of this order to serve and file a "Second Amended Complaint," so labeled and

10   bearing the civil docket number assigned this case; plaintiff must file an original and two copies.

11   Plaintiff is further advised that the "Second Amended Complaint" cannot refer to a prior pleading

12   but must be complete in itself and will become the only operative complaint.  E. D. Cal. L. R. 15-

13   220.  The complaint must comply with general rules of pleading, as set forth in Fed. R. Civ. P.

14   8(a), which require clear statements of (1) the court's jurisdiction, (2) claims showing entitlement

15   to relief, and (3) demand for relief.  See also, Fed. R. Civ. P. 12(e) (authorizing the court to strike

16   a pleading or portion thereof if it "is so vague or ambiguous that a party cannot reasonably be

17   required to frame a responsive pleading").  Plaintiff must clearly assert which federal

18   constitutional or statutory rights have been violated; exhaustion of administrative remedies;

19   clearly name, identify and distinguish among all defendants; and show the particular claim(s)

20   against each defendant.  Defendants may be grouped in meaningful ways, but claims vaguely

21   referring to "defendants" are insufficient.  See McHenry v. Renne,  84 F.3d 1172, 1175 (9th Cir.

22   1996).

23            Accordingly, the following motions are granted:  The July 21, 2006 amended

24   motion filed by the California Department of Managed Health Care to dismiss plaintiff's

25   "amended complaint" or for more definite statement; the July 20, 2006 motion filed by the

26   California Medical Board to dismiss plaintiff's "amended complaint" or for more definite

1  statement; and the July 24, 2006 motion filed by the federal defendants to strike or dismiss

2  plaintiff's "amended complaint."  Defendants' remaining motions are denied as moot, as set forth

3  supra.

4           Should plaintiff fail timely to file an adequate "Second Amended Complaint," this

5  court will recommend dismissal of this action.

6           So ordered.

7  DATED: 9/22/06                                    /s/ Gregory G. Hollows

8                                                    _____
                                                     U.S. Magistrate Judge

9  NOW6:Tangirala0384

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26