1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SRIKANTH TANGIRALA,

11          Plaintiff,                        No. CIV S-06-0384 FCD GGH PS

12      vs.

13   JOHN E. POTTER, POSTMASTER                     ORDER and
     GENERAL, UNITED STATES POSTAL          FINDINGS AND RECOMMENDATIONS
14   SERVICE, OFFICE OF WORKERS'
     COMPENSATION, EQUAL EMPLOYMENT
15   OPPORTUNITY COMMISSION,
     MEDICAL BOARD OF CALIFORNIA,
16   MANAGED HEALTH CARE OF
     CALIFORNIA, SAN QUENTIN STATE
17   PRISON, CDCR CALIFORNIA,
     DR. ANSUMANA GEBEH,
18   DR. SUSAN SCHOLEY,
     DR. CRISPINO YLANAN,
19   DR. DOUGLAS MERILL,

20          Defendants.

21   _____/

22          Pending before this court are motions to dismiss filed by the Department of

23   Managed Health Care of California on October 31, 2006, and by defendant Medical Board of

24   California on November 1, 2006.  On December 4, 2006, the court vacated the December 7, 2006

25   hearings on these matters and submitted them for decision on the papers.  The court now issues

26   these findings and recommendations.

                                              1

1   BACKGROUND

2            The Second Amended Complaint, filed October 11, 2006,[1] alleges that plaintiff

3   was terminated from his employment with the United States Postal Service due to his race, color,

4   national original, religion and disability.  Plaintiff is of Indian ancestry, born and raised in India,

5   and is a Hindu.  He commenced employment with the Postal Service in May 2004, at

6   Sacramento's Fort Sutter Station, as a part-time flexible city carrier.  Plaintiff alleges that in

7   November and December 2004, the Postal Service "engaged in the unlawful practice of 'clocking

8   out' plaintiff for 'lunches' that plaintiff did not take," thus "undercount[ing] plaintiff's daily

9   work hours by approximately one half-hour a day on the premise that plaintiff took these

10  'lunches.'" Plaintiff states that he "frequently" performed work during this period for which he

11  was not compensated.  Plaintiff alleges the Postal Service "did not 'clock out' other similarly

12  situated employees, and that plaintiff was [sic] received such treatment on account of his race,

13  color, national original, and religion."

14            The complaint further alleges that plaintiff suffered a work-related injury on

15  November 3, 2004, and was diagnosed with a hernia.  On December 9, 2004, "plaintiff was told

16  that there were no less physically demanding tasks and was sent home," and on December 10,

17  2004, the Postal Service "gave plaintiff an offer letter for less physically demanding

18  administrative tasks," which plaintiff accepted and signed.  Plaintiff states that, contrary to the

19  terms of the letter, plaintiff's hours were "drastically modified and plaintiff was frequently

20  assigned to tasks which required heavy lifting."  Plaintiff alleges he was terminated "as of

21  03/15/05, on or about 09/06/05."  Plaintiff asserts the Postal Service "reduced plaintiff's work

22  hours, assigned plaintiff to tasks which he is physically unable to perform, and subsequently

23  terminated plaintiff's employment on account of his race, color, national original, religion, and

24  disability."  In addition, plaintiff asserts the Postal Service "retaliated by affecting injury

25  _____

26            [1] On November 15, 2006, plaintiff filed a second copy of the Second Amended
    Complaint, with the correct spelling of one defendant's name.

                                        2

1   compensation claim after mediation was unsuccessful."

2           The complaint provides that plaintiff has exhausted his administrative remedies

3   with the Postal Service, receiving a Notice of Final Decision on May 19, 2006.

4           Plaintiff seeks damages and costs from the Postal Service and to enjoin it "from

5   the conduct outlined herein," pursuant to causes of action under Title VII of the Civil Rights Act

6   (42 U.S.C. § 2000e et seq.); § 501 of the Rehabilitation Act of 1973 (29 U.S.C. § 791 et seq.);

7   the Fair Labor Standards Act (29 U.S.C. § 201 et seq.); and the Federal Privacy Act (5 U.S.C. §

8   551 et seq.).

9           The remainder of the complaint, most pertinent to the instant motions, is entitled

10  "From Remaining Defendants Related to Industrial Injury," and seeks to "enjoin the defendants

11  from the conduct outlined herein" in addition to obtaining damages and costs.  The complaint

12  asserts that the Medical Board of California "improperly resolved" plaintiff's complaints No. 02-

13  2005-164446 and No. 02-2005-164447, and the Department of Managed Care of California

14  "improperly resolved" plaintiff's complaint No. DMHC 295047.

15          The complaint also alleges that Dr. Ansumana Gebeii and Dr. Susan Scholly

16  "provided different work restrictions report[s] to plaintiff and OWCP for the same injury and

17  same diagnosis and for the same day," constituting "unsafe acts of defendant;" and that Dr.

18  Crispino Ylana and Dr. Douglas Merill "provided work restriction report[s]/VOT[s] to plaintiff

19  [with] incorrect instructions and [they] do[] not comply with all safety standards and OSHA

20  Regulations."  In addition, the complaint asks the court to "decide if the defendant EEOC's

21  investigations and issued decisions on complaints filed by plaintiff with complaint Nos. 4F-956-

22  0032-05 and 4F-956-0412-05 are improper," and "decide if the defendant OWCP investigations

23  and issued decisions on requests filed by plaintiff under claim No. 132117426 are improper."

24  Finally, the complaint asks the court "to decide if the defendant San Quentin State Prison, CDCR

25  issued decision on plaintiff's employment is proper."

26  \\\\\

1        The complaint provides that "plaintiff feels all the administrative remedies are

2  exhausted" on these latter claims because "[e]xcept for the denial to process complaints, no other

3  administrative remedies were provided or pointed to by [any of the] defendants."

4        The federal defendants (Postal Service, EEOC, and Office of Workers'

5  Compensation) filed a separate, expedited, answer to Count Four (Privacy Act) on November 13,

6  2006, as amended on November 30, 2006 (see 5 U.S.C. § 552(a)(4)(C) (answers to complaints

7  under Privacy Act shall be served within 30 days after service of the complaint)), and an answer

8  on all other claims on December 11, 2006.

9        The Medical Board of California ("Board") and Department of Managed Care of

10  California ("Department") move for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) for lack of

11  subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which

12  relief can be granted; the Department, alternatively, moves for more definite statement pursuant

13  to Fed. R. Civ. P. 12(e).

14        No other defendants have appeared in the action.

15  II.  DISCUSSION

16     A.  Plaintiff's Position

17        In his opposition to the motions to dismiss, plaintiff states that his allegations of

18  discrimination against the Board and Department are made pursuant to Title II of the Americans

19  with Disabilities Act.  Plaintiff also relies on the Equal Protection Clause of the Fourteenth

20  Amendment (asserting he is "equally protected") and 42 U.S.C. § 1983 (asserting "state officers

21  may be sued for injunctive relief" pursuant to the statute).  Of these claims, only plaintiff's equal

22  protection challenge is also asserted in his complaint.

23     B.  Legal Standards For Motion To Dismiss

24        A federal court is a court of limited jurisdiction, and may adjudicate only those

25  matters authorized by the Constitution and by Congress.  See Kokkonen v. Guardian Life Ins. Co.

26  511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994).  The basic federal jurisdiction statutes, 28

1  U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively,

2  while statutes regulating specific subject matter may also confer federal jurisdiction.  See

3  generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial

4  § 2:5.  The court finds, as the federal defendants concede, that plaintiff's Title VII and other

5  federal statutory claims confer federal subject matter jurisdiction.

6          However, a complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) if it

7  appears beyond doubt that plaintiff can prove no set of facts in support of his claims which would

8  entitle plaintiff to relief.  NOW, Inc. v. Schiedler, 510 U.S. 249, 256, 114 S. Ct. 798, 803 (1994);

9  Cervantes v. City of San Diego, 5 F.3d 1273, 1274-75 (9th Cir. 1993).  Dismissal may be based

10 either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support

11 cognizable legal theories.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

12         The complaint's factual allegations are accepted as true.  Church of Scientology of

13 California v. Flynn, 744 F.2d 694 (9th Cir.1984).  The court construes the pleading in the light

14 most favorable to plaintiff and resolves all doubts in plaintiff's favor.  Parks School of Business,

15 Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir.1995).  General allegations are presumed to

16 include specific facts necessary to support the claim.  NOW, 510 U.S. at 256, 114 S. Ct. at 803,

17 quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992).

18         The court may disregard allegations contradicted by the complaint's attached

19 exhibits.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987); Steckman v. Hart

20 Brewing, Inc., 143 F.3d 1293, 1295 (9th Cir.1998).  Furthermore, the court is not required to

21 accept as true allegations contradicted by judicially noticed facts.  Mullis v. United States

22 Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987).  The court may consider matters of public

23 record, including pleadings, orders, and other papers filed with the court.  Mack v. South Bay

24 Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by Astoria

25 Federal Savings and Loan Ass'n v. Solimino, 501 U.S. 104, 111 S. Ct. 2166 (1991).  "The court

26 is not required to accept legal conclusions cast in the form of factual allegations if those

1  conclusions cannot reasonably be drawn from the facts alleged." <u>Clegg v. Cult Awareness</u>

2  <u>Network</u>, 18 F.3d 752 (9th Cir. 1994).  Neither need the court accept unreasonable inferences, or

3  unwarranted deductions of fact.  <u>See</u> <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th

4  Cir. 1981).

5           Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

6  <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972).  Unless it is clear that no

7  amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend

8  the complaint before dismissal.  <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127-28 (9th Cir.2000) (en

9  banc); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987).

10          C.  <u>Motions to Dismiss</u>

11          The Department of Managed Health Care of California contends plaintiff does not

12  state a federal claim against it but vaguely alleges only breach of an implied contractual

13  obligation.  Plaintiff's only claim against the Department is that it "improperly resolved"

14  plaintiff's complaint No. DMHC 295047 (without explanation or supporting documentation).

15  Similarly, the Medical Board of California contends plaintiff does not state a federal claim

16  against it but alleges only failure to satisfactorily process his complaints.  Plaintiff's only claim

17  against the Board is that it  "improperly resolved" plaintiff's complaints No. 02-2005-164446

18  and No. 02-2005-164447 (without explanation or supporting documentation).

19          The Department regulates the administration of California health care service

20  plans pursuant to the Knox-Keene Health Care Service Plan Act of 1975, as amended.  <u>See</u>

21  <u>generally</u>, Calif. Health and Safety Code § 1340 et seq.  In addition, the Department is

22  responsible for resolving complaints or grievances by health plan subscribers and enrollees.  The

23  Department explains that in the present case plaintiff filed a complaint expressing dissatisfaction

24  with the health care services he received for his work-related injury.  The services were provided

25  by his employer's workers' compensation insurer, not pursuant to plaintiff's health plan.

26  Although Kaiser was both plaintiff's personal health plan and his employer's workers'

1    compensation carrier, respective coverage remained distinct, therefore rendering the Department

2    without authority to consider plaintiff's challenge to his case under Workers' Compensation.

3    Thus, upon receipt of plaintiff's complaint, the Department referred it to the Department of

4    Industrial Relations pursuant to California Health and Safety Code § 1368(b)(1)(C).

5            In his opposition, plaintiff adds only that he "was treated for his accepted

6    industrial injury under his HMO plan," apparently in support of an implicit argument that his

7    complaint should have remained with the Department rather than being referred to Industrial

8    Relations.

9            The Medical Board of California exists within the California Department of

10   Consumer Affairs and its purpose is to administer the California Medical Practice Act.  The

11   Board consists of two divisions:  the Division of Medical Quality (responsible for enforcement

12   and discipline) and the Division of Licensing (responsible for approving medical training and

13   issuing licenses).  See generally, Calif. Bus. & Prof. Code § 2000 et seq.  In his opposition,

14   plaintiff states only that he was treated by doctors licensed to practice in the State of California.

15           The court examines each of plaintiff's legal challenges.

16           Plaintiff claims in his opposition that the actions of these state agencies violate

17   Title II of the ADA.[2]  While plaintiff does not make an ADA claim in his complaint, the court

18   will broadly construe the complaint's Rehabilitation Act claims (though limited therein to Title I)

19   to include Title II claims, based generally on the incorporation of the Rehabilitation Act into the

20   ADA.  See 42 U.S.C. § 12133 ("The remedies, procedures, and rights set forth in section 794a of

21   Title 29 shall be the remedies, procedures, and rights this subchapter provides to any person

22   \\\\\

23

24           [2]  The ADA broadly prohibits discrimination against individuals with disabilities.  42
     U.S.C. §§ 12101 et seq.  Title I of the ADA prohibits discrimination in employment.  42 U.S.C.
     §§ 12111 et seq.  Title II prohibits, inter alia, discrimination in the provision of services and
25   programs by a public entity.  42 U.S.C. §§ 12131 et seq.  The remaining titles prohibit,
     respectively, discrimination in public accommodations (Title III) and Telecommunications (Title
26   IV); the fifth title contains miscellaneous provisions.

1 alleging discrimination on the basis of disability in violation of section 12132 of this title.")[3]

2 Title II of the ADA "prohibits discrimination by public entities against qualified individuals with

3 a disability." 42 U.S.C. §§ 12131-12132.  Similarly, Title II of the Rehabilitation Act provides

4 that "no otherwise qualified individual with a disability . . . shall, solely by reason of her or his

5 disability, be excluded from the participation in, be denied the benefits of, or be subjected to

6 discrimination under any program or activity receiving federal financial assistance."  29 U.S.C. §

7 794(a)."  To allege a prima facie case under Title II, plaintiff must allege (1) he is a qualified

8 individual with a disability;[4] (2) he was excluded from participation in or otherwise discriminated

9 against with regard to a public entity's services, programs, or activities, and (3) such exclusion or

10 discrimination was by reason of his disability.  Lovell v. Chandler,  303 F.3d 1039, 1052 (9th

11 Cir. 2002); see also Duffy v. Riveland, 98 F.3d 447, 455 (9th Cir. 1995).

12 　　　Plaintiff has failed to allege any of these criteria.  Most fatal is his failure to

13 demonstrate that the interdepartmental transfer of his complaint by the Department, or the

14 adverse adjudicatory decisions of the Board denied plaintiff access to either public entity's

15 "services, programs, or activities."  This is not a situation where plaintiff was denied access to

16 the agencies' services due to his disability (viz., a hernia).  Compare, for example, preclusion

17 from agency consideration as a result of disability, e.g., unable to submit completed forms due to

18 

19 　　　[3] Title II of the ADA and section 504 of the Rehabilitation Act create the same rights and obligations.  Wong v. Regents of the University of California ("Wong II"), 410 F. 3d 1052, 1055, n. 1 (9th Cir. 2005).

20 

21 　　　[4] A "disability" is defined as a "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment."  42 U.S.C. § 12102(2).  To

22 state a claim under 42 U.S.C. § 12102(2)(A), a plaintiff must demonstrate that she  (1) has a mental or physical impairment that (2) substantially limits (3) a major life activity.  Bragdon v.

23 Abbott, 524 U.S. 624, 631 (1998).  "The ADA does not define 'substantially limits,' but 'substantially' suggests 'considerable' or 'specified to a large degree.'  Sutton v. United Air

24 Lines, Inc., 527 U.S. 471, 491 (1999).  "[T]o be substantially limited . . . an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of

25 central importance to most people's daily lives.  The impairment's impact must also be permanent or long term."  Toyota Motor Mfg., Kentucky, Inc. v. Williams, 534 U.S. 184, 198

26 (2002) (citation omitted).

1  blindness or paralysis.   Plaintiff has therefore failed to state a claim under Title II of the ADA

2  against these defendants.

3          Plaintiff's claims based on § 501 of the Rehabilitation Act (and therefore Title I of

4  the ADA), must also fail because these claims require an employment relationship with

5  defendant.  See 42 U.S.C. § 12111 ("The term 'covered entity' means an employer, employment

6  agency, labor organization, or joint labor-management committee.")  Plaintiff does not claim any

7  employment relationship with the Department or the Board, and both agencies represent there has

8  been none.

9          Plaintiff's claims under Title VII of the Civil Rights Act and the Fair Labor

10 Standards Act ("FLSA") similarly fail.  Both prohibit specific conduct by employers.  See, 42

11 U.S.C. § 2000e-2; 29 U.S.C. § 215, 216.   Nor has plaintiff stated a claim under the Federal

12 Privacy Act, which applies only to federal agencies.  See 5 U.S.C. §§ 551(1), 552(f), 552a(a)(1),

13 552(e); St. Michael's Convalescent Hospital v. State of California, 643 F.2d 1369, 1373 (9th Cir.

14 1981) (Federal Privacy Act applies only to "agencies" as defined in the Act, and does not

15 encompass state agencies or bodies).

16          Finally, plaintiff's continued general reliance on the Equal Protection Clause and

17 new citation to 42 U.S.C. § 1983 fail to state claims against the Department or Board.  The Equal

18 Protection Clause protects against classifications which disadvantage a suspect class or impinge

19 on the exercise of a fundamental right.  Plyer v. Doe, 457 U.S. 202, 102 S. Ct. 2382 (1992).

20 Plaintiff has demonstrated neither with respect to these defendants' conduct.  The complaint as a

21 whole fails to demonstrate the Department or Board violated any federal constitutional or

22 statutory right, thus precluding plaintiff's claim under § 1983.  See, e.g., West v. Atkins, 487

23 U.S. 42, 48, 108 S. Ct. 2250 (1988) (in order to state a claim under § 1983, plaintiff must allege:

24 (1) the violation of a federal constitutional or statutory right; and (2) that the violation was

25 committed by a person acting under the color of state law).

26 \\\\\

1    Accordingly, defendants Department of Managed Health Care of California and

2 Medical Board of California should both be dismissed from this action.

3    D.  Remaining Defendants

4    None of the remaining defendants have appeared in the action, specifically San

5 Quentin State Prison ("CDCR California), Dr. Ansumana Gebeh, Dr. Susan Scholey, Dr.

6 Crispino Ylanan, or Dr. Douglas Merill.

7    Plaintiff and the federal defendants filed a Joint Status Report on January 24,

8 2007, which provides that plaintiff anticipates the joinder of no other defendants.  However,

9 written in by hand, apparently by plaintiff, is the statement "may be remaining defendants."

10 While it appears that most of the remaining defendants have been served process, at least with

11 the original complaint, then later served the Second Amended Complaint, the court is unable to

12 make this determination with any certainty.  Additionally, the court is unable to ascertain the

13 basis of plaintiff's claims against these defendants.

14    Accordingly, the complaint is hereby dismissed with respect to these defendants.

15 Plaintiff may file a Third Amended Complaint within twenty (20) days of the filing date of this

16 order that reiterates without change the allegations against the federal defendants but sets forth

17 the following with respect to *each* remaining defendant *separately*:  the specific statute or

18 statutes under which plaintiff alleges each claim, and the specific elements of each claim in terms

19 of each statute (e.g., if plaintiff alleges a claim under the Privacy Act, state why *each* defendant is

20 a federal entity that intentionally disclosed information contained in a system of records resulting

21 in adverse effect or actual damages to plaintiff (5 U.S.C. § 552a)).

22    Plaintiff's failure timely to file a Third Amended Complaint shall result in the

23 dismissal of these defendants and this case shall proceed on the Second Amended Complaint.

24 \\\\\

25 \\\\\

26 \\\\\

III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff is granted leave to file a Third Amended Complaint within twenty (20) days of the filing date of this order that specifies the claims against defendants San Quentin State Prison ("CDCR California), Dr. Ansumana Gebeh, Dr. Susan Scholey, Dr. Crispino Ylanan, and Dr. Douglas Merill; and

2.  Should plaintiff fail timely to file a Third Amended Complaint, this case shall proceed on the Second Amended Complaint against the federal defendants only.

Further, IT IS HEREBY RECOMMENDED that:

1.  The motion to dismiss filed by defendant Department of Managed Health Care of California on October 31, 2006, be GRANTED;

2.  The motion to dismiss filed by defendant Medical Board of California on November 1, 2006, be GRANTED; and

3.  Defendants Department of Managed Health Care of California and Medical Board of California be dismissed from this action with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   1/29/07                                   /s/ Gregory G. Hollows

                                                   GREGORY G. HOLLOWS
                                                   U. S. MAGISTRATE JUDGE

GGH5:Tang0384.f&r

11