IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SRIKANTH TANGIRALA,

    Plaintiff,

vs.

JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, et al.,

    Defendants.

No. CIV S-06-0384 FCD GGH PS

ORDER

_____/

Presently pending before this court is defendants' motion for summary judgment, filed February 14, 2008, and scheduled for hearing March 13, 2008.

Due to this court's authorization to plaintiff to file his papers electronically (see Order filed March 13, 2007), plaintiff's opposition to defendants' motion for summary judgment was due Thursday, February 28, 2008. See E. D. Cal. L. R. 78-230(c). Plaintiff filed his opposition one day late, on Friday, February 29, 2008. (Moreover, notwithstanding the parties' agreement to accept electronic service as "personal service thereof," see Docket No. 81, service of plaintiff's opposition on defendants was also one day late. Id.)

Pursuant to the local rules, "No party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that

1

party." E. D. Cal. L. R. 78-230(c). Accordingly, the court will vacate the hearing scheduled on defendants' motion for summary judgment and decide the matter based on the parties' respective briefing.

An additional matter warrants this court's attention. On February 28, 2008, plaintiff emailed the undersigned's courtroom clerk to alert this chambers to plaintiff's filing of a motion for joinder on February 27, 2008. That motion, filed electronically by plaintiff, was initially described by him pursuant to his electronic filing as a motion to dismiss, motion for judgment, motion for protective order, motion for temporary restraining order, and motion to strike. The court directed the Clerk of Court to denominate plaintiff's filing as a motion for joinder, consistent with its contents. This change was consistent with plaintiff's email to chambers, wherein plaintiff characterized the matter as a request for joinder.[1] Accordingly, all other matters are deemed withdrawn.

Plaintiff has now included these matters in his opposition to defendants' motion for summary judgment.

Plaintiff seeks to join parties previously dismissed from this action. He has submitted four "right to sue" notices issued by the Civil Rights Division of the U.S. Department of Justice. Each provides that plaintiff may bring a civil action within 90 days due to the inability of the Equal Employment Opportunity Commission ("EEOC") to timely reach the merits of plaintiff's complaints filed, respectively, against San Quentin Prison ("right to sue" notice dated November 27, 2007), California Department of Personnel Administration (notice dated November 29, 2007), Department of Managed Health Care of California (notice dated December 31, 2007), Medical Board of California (notice dated December 31, 2007).

---

[1] Plaintiff wrote: "I the plaintiff filed the motion requesting to join the parties to the case set for the past date in error. If it is possible, please kindly consider it as a request to the court as to join the parties to the case instead of a motion, I request this because today is the last day to bring in a law suit against such defendants. I the plaintiff will eventually file the opposition to the other motions as required." Plaintiff's February 28, 2008 e-mail to chambers.

1 Accordingly, plaintiff's first deadline for filing a civil action, now passed, was Monday, February 25, 2008 (San Quentin Prison), although plaintiff construed it to be February 27, 2008. The remaining deadlines were February 27, 2008 (Dept. of Personnel Administration), and remain March 30, 2008 (Dept. Managed Health Care and Medical Board).

All of these parties, with the exception of the California Department of Personnel Administration (which was never named in this action), were previously dismissed from this action. Plaintiff was accorded several opportunities to amend his complaint and this court was tasked with assessing the merits of plaintiff's contentions against multiple defendants. Following the filing of plaintiff's proposed third amended complaint, this court recommended that this action proceed against only the federal defendants. See Findings and Recommendations filed March 9, 2007. This recommendation was adopted by the District Judge on April 25, 2007. As set forth in this court's scheduling order filed May 17, 2007, "[n]o further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown."

Plaintiff argues that the above-named parties should be joined to this action based on the content of his new EEOC filings, wherein plaintiff described these parties' alleged "harassment and discriminative practices." This argument is unavailing. Plaintiff's declarations in support of the new filings are very general in nature and, on their face, indistinguishable from the claims against these parties presented and dismissed in this action. Plaintiff fails to demonstrate good cause for reconsidering the courts' dismissal orders or for naming the Department of Personnel Administration as a necessary party to this action.[2]

---

[2] See Fed. R. Civ. P. 19(a), which provides in pertinent part: "(1) A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

If, on the other hand, plaintiff's new "right to sue" notices are based on complaints alleging new discriminatory practices, plaintiff should, to the extent he can timely do so, file a separate civil action.  Whether such cases would require consolidation with the instant case (see Fed. R. Civ. P. 42(a)) is a matter not presently before the court.

Accordingly, the court will deny plaintiff's request for joinder.

Some additional comments are warranted.  Plaintiff was authorized by this court to file his papers electronically, based on his stated hardships,[3] but was specifically warned that "the court will carefully monitor plaintiff's filings to assess their reasonableness.  Should the court discern any unreasonably expansive filings, either in number or volume, this order will be vacated."  Order filed March 13, 2007, at 2.  This warning was followed by another filed August 13, 2007, which provided in pertinent part:

> Plaintiff is hereby ordered to cease emailing chambers or copying to chambers emails sent to opposing counsel.  The court will not consider any material sent to it via email, nor any material that is filed extraneous to proceedings pending before the court.  Further inclusion of court personnel and chambers in plaintiff's email communications with opposing counsel, or further nonsubstantive emails directed to chambers shall result in the imposition of sanctions, either monetary or by the exclusion of evidence, or both.  See E. D. Cal. Local Rule 11-110 ("Failure of . . . a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the court").  This directive is effective immediately.

Plaintiff is again directed to refrain from abusing the electronic filing and chambers' email systems.  No further briefing is required, nor communication warranted, from plaintiff until this court has ruled on defendants' motion for summary judgment.

/ / / /

/ / / /

/ / / /

---

[3] "Plaintiff states that he lives hundreds of miles from his Sacramento mailing address, receives his mail only once every ten days, has been instructed medically to refrain from driving long distances and for continuous periods, and is computer literate and familiar with the court's electronic case management system."  Order filed March 13, 2007, at 1.

4

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The March 13, 2008 hearing on defendants' motion for summary judgment (filed February 14, 2008, Docket No. 83) is vacated; the matter is submitted for decision on the papers; and

2. Plaintiff's February 27, 2008 request for joinder of parties (Docket No. 84) is denied; all other matters set forth in the request are deemed withdrawn.

DATED: 02/29/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U.S. MAGISTRATE JUDGE

GGH5:Tang0384.ord