IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SRIKANTH TANGIRALA,

    Plaintiff,

vs.

JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, et al.,

    Defendants.

No. CIV S-06-0384 FCD GGH PS

<u>ORDER</u>

    Presently pending before the District Judge is the undersigned's Findings and Recommendations filed June 25, 2008, recommending that defendants' motion for summary judgment be granted. On July 3, 2008, plaintiff filed a motion, subsequently denominated a request, for appointment of counsel "to present evidence, to conduct depositions, file any motions, objections and/or recommendations and to proceed any further. . ."

    Requests for appointment of counsel in Title VII cases are governed by 42 U.S.C. § 2000e-5(f)(1), which provides in pertinent part:

> Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security.

1

In assessing whether to appoint counsel pursuant to this statute, the court must consider the following criteria set forth in Bradshaw v. Zoological Society of San Diego, 662 F.2d 1301 (9th Cir. 1981):  (1) plaintiff's financial resources, (2) plaintiff's efforts to date to secure counsel, and (3) plaintiff's likelihood of success on the merits.  Id. at 1318.  Appointment of counsel is not a matter of right and the district court's discretion is broad in determining whether counsel should be appointed.  Ivey v. Board of Regents, 673 F. 2d 266, 269 (9th Cir. 1982).

Application of the Bradshaw factors to this case demonstrates: (1) although plaintiff has limited financial resources, he did not satisfy the threshold for proceeding in forma pauperis in this action; (2) plaintiff neither states nor provides evidence that he has sought and was unable to obtain counsel on his own; and (3) most importantly, consistent with the EEOC's rejection of plaintiff's administrative complaints, this court has carefully considered plaintiff's claims and concluded they are without merit.

Significantly, plaintiff's request comes after this court issued adverse Findings and Recommendations that, if adopted, will close this case.  Despite plaintiff's general entreaty, counsel entering the case at this juncture would be limited, as is plaintiff, to responding to the Findings and Recommendations which, regardless, will be reviewed de novo by the District Judge.  The further option will remain for plaintiff to pursue an appeal to the Ninth Circuit.

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motion and request for appointment of counsel (Documents 91 and 92) are denied.

So ordered.

DATED: 07/14/08                                            /s/ Gregory G. Hollows

                                                           GREGORY G. HOLLOWS
                                                           U.S. MAGISTRATE JUDGE

GGH5:Tang0384.counsel