IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SRIKANTH TANGIRALA,

     Plaintiff,                              CIV-S-06-0384 FCD GGH PS

     vs.

JOHN E. POTTER, Postmaster General,
U.S. POSTAL SERVICE, et al.,

     Defendants.                       <u>ORDER</u>

_____/

        On July 18, 2008, the court adopted the magistrate judge's findings and recommendations issued on June 25, 2008, and entered judgment for defendants. The case was closed.

        On November 26, 2008, plaintiff filed a motion to re-open case and grant injunctive relief. The court denied the motion on January 6, 2009. On April 13, 2009, plaintiff filed a motion to issue decision to pay wages, expenses, and losses incurred and to provide medical care. The court construed it as a motion to alter or amend the judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure, or, in the alternative, as motion for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure. The court denied the motion on April 17, 2009, holding that it was untimely for purposes of Rule 59 and lacked any

support for purposes of Rule 60.  On April 28, 2009, plaintiff filed a motion for injunctive order on provision of fees, the expenses, the losses and the pay for time spent on the clock to the plaintiff by defendants.  Because the case was closed and on appeal and the motion sought to again argue the merits of his case, the court struck the motion from the record as procedurally improper.  On July 30, 2009 and September 22, 2009, plaintiff filed "Letters regarding wages to comply with the appellate court order to pay the $455 filing fee."  Neither of these were properly noticed motions.  Further, they merely reiterated plaintiff's request to alter or amend the judgment or for relief for judgment, which the court denied on April 17, 2009.  As such the court struck the letters as procedurally improper.  On September 30, 2009, plaintiff again filed a Motion to Reopen and grant wages and pay fees and debts and avoid bankruptcy.  This motion was merely a repackaging of the same arguments set forth in plaintiff's November 26, 2008 motion as well as the April 13, 2009 order.  Because the court has ruled on these motions, the case is closed, and a notice of appeal filed, the court struck the motion as procedurally improper.  That same day, plaintiff re-filed the motion.

      To the extent the court construes this as a motion to alter or amend the judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure, such motion must be filed no later than 10 days after the entry to judgment.  Plaintiff failed to file the motion within the requisite period. To the extent the court construes this as motion for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure, the court may relieve a party from a final judgment on the basis of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); fraud . . . , misrepresentation, or misconduct by an opposing party, ... or (6) any other reason that justifies relief.  Plaintiff has failed to point to or support any basis for reconsideration.  Accordingly, plaintiff's motion is DENIED.

      Because the plaintiff has repeatedly filed nearly identical, friviolous motions in a closed case, he has become a vexatious litigant, and the court  will not address any further frivolous

motions. If the plaintiff files any further motions and the court does not respond within thirty (30) days, the plaintiff may treat the motion as denied.

DATED: October 5, 2009

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE